| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| NORTHERN DISTRICT OF CALIFORNIA | |

ANDRE KENNETH STUCKEY,

    Plaintiff,

v.

DONALD J. TRUMP, et al.,

    Defendants.

Case No. 19-cv-03688-YGR (PR)

**ORDER GRANTING *IN FORMA PAUPERIS* STATUS; DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND DENYING MOTION FOR PRELIMINARY INJUNCTION WITHOUT PREJUDICE**

Plaintiff, a California state prisoner, has filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. At the same time, Plaintiff has filed a motion for a preliminary injunction, a motion for appointment of counsel, and an application for *in forma pauperis* status. Dkts. 2, 3, 4. The operative complaint in this matter is the amended complaint. Dkt. 12.

Plaintiff's application for *in forma pauperis* status is GRANTED. Dkt. 4. The total filing fee due is $350.00. The initial partial filing fee due for Plaintiff at this time is $1.00. A copy of this Order and the attached instruction sheet will be sent to Plaintiff, the Prison Trust Account Office and the Court's Financial Office.

Plaintiff also requests the appointment of counsel to represent him in this action. Dkt. 3. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id*. at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id*. The Court is unable to assess at this time whether exceptional

1    circumstances exist which would warrant seeking volunteer counsel to accept a *pro bono*
2    appointment.  The proceedings are at an early stage and it is premature for the Court to determine
3    Plaintiff's likelihood of success on the merits.  Moreover, Plaintiff has been able to articulate his
4    claims adequately *pro se* in light of the complexity of the issues involved.  *See Agyeman v. Corrs.*
5    *Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Therefore, the request for appointment of
6    counsel at this time is DENIED.  Dkt. 3.

Lastly, Plaintiff's motion for a preliminary injunction (dkt. 2) is DENIED for failure to satisfying the notice requirements of Federal Rule of Civil Procedure 65.  Prior to granting a preliminary injunction, notice to the adverse party is required.  Fed. R. Civ. P. 65(a)(1).  A motion for preliminary injunction therefore cannot be decided until the parties to the action are served, and they have not yet been served here.  *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).   A temporary restraining order ("TRO") may be granted without written or oral notice to the adverse party or that party's attorney if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney (plaintiff himself in this case, as he proceeds pro se) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required.  Fed. R. Civ. P. 65(b).  Plaintiff has not satisfied the aforementioned requirements.  Furthermore, the Court must first screen the amended complaint for cognizable claims.  *See* 28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  Until the Court determines that the amended complaint contains cognizable claims, Plaintiff's motion for a preliminary injunction is premature.  Accordingly, the motion is DENIED without prejudice.  Dkt. 2.

The Court will conduct an initial screening of the amended complaint in a separate written Order. In the event the matter proceeds to briefing, Plaintiff may resubmit his motion for a preliminary injunction after Defendants have been served.

This Order terminates Docket nos. 2, 3, and 4.

Dated: December 23, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action *in forma pauperis* in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

> The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.
>
> Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting *in forma pauperis* and these instructions.

**The prisoner's name and case number must be noted on each remittance.** The initial partial filing fee is due within thirty days of the date of the attached order. Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:     Plaintiff/Petitioner
          Finance Office
          Prison Trust Account Office