UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDRE KENNETH STUCKEY,

Plaintiff,

v.

DONALD J. TRUMP, et al.,

Defendants.

Case No. 19-cv-03688-YGR (PR)

**ORDER OF DISMISSAL**

## I. INTRODUCTION

Plaintiff, who is currently incarcerated at Pelican Bay State Prison ("PBSP"), has filed multiple cases in this Court, including this *pro se* civil rights action for monetary damages under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The operative complaint is the amended complaint, naming the following Defendants: the President of the United States of America; the current and former United States Attorney Generals; the Federal Bureau of Investigation ("FBI") Director; the Supervising Special FBI Agent; and the Chief of the Special Litigation Section of the Department of Justice. Dkt. 12. While not entirely clear, it appears that Plaintiff is suing Defendants President Donald Trump and FBI Director Christopher Wray for "introducing an signing into law several fiscal budgets that reduced federal funding for numerous United States Department of Justice Accounts, including the FBI," *id.* at 23-24,[1] and he is suing the remaining Defendants for failing to investigate various alleged civil rights violations at PBSP (which are the topic of Plaintiff's other pending civil rights cases before this Court), *id.* at 4-22. Plaintiff has been granted leave to proceed *in forma pauperis*. Dkt. 13.

For the reasons stated below, the Court concludes that Plaintiff's claims fail to state a claim upon which relief may be granted. Therefore, the amended complaint is not cognizable under *Bivens* and is DISMISSED.

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

## II. DISCUSSION

### A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under *Bivens*, and its progeny, Plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor. *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (42 U.S.C. § 1983 and *Bivens* actions are identical save for replacement of state actor under section 1983 by federal actor under *Bivens*).[2]

### B. Legal Claims

The Supreme Court recognized in *Bivens* that a private right of action may be implied from the Constitution itself for allegations of constitutional violations made against federal employees or their agents. *See Bivens*, 403 U.S. at 392-97. Here, Plaintiff does not allege the deprivation of a right secured by the Constitution or the laws of the United States. *See* Dkt. 12. The basis of Plaintiff's amended complaint arises out of Defendants Trump and Wray "signing into law fiscal budgets that reduced federal funding" and the remaining Defendants' failure to investigate to various alleged civil rights violations at PBSP. *See id.* First, the Court rejects Plaintiff's claim as to Defendants Trump and Wray because Plaintiff fails to state a viable *Bivens* claim against them merely based on their alleged actions of signing into law fiscal budgets, which do not amount to official misconduct. Furthermore, because neither Defendant Trump nor Defendant Wray had any

---

[2] When reviewing a *Bivens* action for which there is no case on point, therefore, section 1983 cases are applied by analogy. *See, e.g.*, *Butz v. Economou*, 438 U.S. 478, 504 (1978) (no distinctions for purposes of immunity between state officials sued under section 1983 and federal officials sued under *Bivens*); *Van Strum v. Lawn*, 940 F.2d at 409 (same statute of limitation should be used for section 1983 actions as for *Bivens* actions).

personal involvement in Plaintiff's remaining claims, Plaintiff cannot maintain such a *Bivens* claim for damages against the either President or the FBI Director in their individual capacity. *See Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1988) (*Bivens* action may be maintained against a federal employee "in his or her individual capacity only, and not in his or her official capacity"). As to Plaintiff's claims against the remaining Defendants, "[t]here is . . . no constitutional right to an investigation by government officials." *Stone v. Department of Investigation of New York*, 1992 WL 25202 (S.D.N.Y. Feb. 4, 1992) (citing *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985)); *see also Chapman v. Musich*, 726 F.2d 405 (8th Cir. 1984). There is "no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved." *Gomez*, 757 F.2d at 1006. Thus, the Court finds that in the instant matter, Plaintiff's allegations—that the aforementioned remaining Defendants were under an obligation to investigate any alleged civil rights violations at PBSP—fail to state a cognizable claim.

A claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Although a complaint is not "frivolous" within the meaning of sections 1915A and 1915(e)(2) because it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6), *see Neitzke*, 490 U.S. at 331, failure to state a claim is a separate basis for dismissal under sections 1915A and 1915(e)(2). A dismissal as legally frivolous is proper only if the legal theory lacks an arguable basis, while under Rule 12(b)(6) a court may dismiss a claim on a dispositive issue of law without regard to whether it is based on an outlandish theory or on a close but ultimately unavailing one. *See id.* at 324-28.

Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss as frivolous those claims whose factual contentions are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Examples are claims describing fantastic or delusional scenarios with which federal district judges are all too familiar. *See Neitzke*, 490 U.S. at 328. To pierce the veil of the complaint's factual allegations means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *See Denton*, 504 U.S. at 32. But,

this initial assessment of the plaintiff's factual allegations must be weighted in favor of the plaintiff. *See id.* A frivolousness determination cannot serve as a factfinding process for the resolution of disputed facts. *See id.* A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *See id.* at 32–33. But the complaint may not be dismissed simply because the court finds the plaintiff's allegations unlikely or improbable. *See id.* at 33.

Even applying the liberal interpretation standard afforded to *pro se* litigants, the Court finds that Plaintiff's allegations are presented in a conclusory manner, with no factual support given to substantiate the allegations, and that the claims are legally frivolous within the meaning of 28 U.S.C. § 1915(d) and *Nietzke*, 490 U.S. at 327. In any event, as mentioned above, Plaintiff cannot sue the remaining Defendants based on a conclusory allegation of their failure to investigate any alleged civil rights violations at PBSP.

### III. CONCLUSION

For the foregoing reasons, the amended complaint is DISMISSED under the authority of 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

The Clerk of the Court shall terminate any pending motions as moot and close the file.

IT IS SO ORDERED.

Dated: January 29, 2020

_____
YVONNE GONZALEZ ROGERS
United States District Judge

4